IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ROBERT DANIEL STUART,<br><br>　　Plaintiff,<br><br>v.<br><br>1. WILCAC LIFE INSURANCE COMPANY,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER: CIV-24-10-F<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wilcac Life Insurance Company ("Wilcac"), by and through undersigned counsel, hereby removes this action from the District Court of Oklahoma County, Oklahoma to the United States District Court for the Western District of Oklahoma. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. In further support of this Notice of Removal, Wilcac states as follows:

### I.   PROCEDURAL BACKGROUND

1. On December 1, 2023, Plaintiff Robert Daniel Stuart, ("Plaintiff") commenced this action by filing his Petition against Wilcac in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2023-6804.

2. The District Court of Oklahoma County is a state court within this district and division.

1

3. Pursuant to 12 U.S.C. § 1446(a), a copy of the state court documents with which Wilcac was served in this matter are attached hereto as **Exhibits 1 through 5**.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. Wilcac was served with the Summons and Petition via certified mail on December 4, 2023. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (for removal purposes, "the 30-day period begins to run on the date a defendant receives formal service of process").

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

7. As shown herein, this case is properly removable based on diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446.

## II.   DIVERSITY JURISDICTION

8. This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Wilcac and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A.   *Complete diversity of citizenship exists between Plaintiff and Defendant.*

9. Diversity jurisdiction requires the parties to be "citizens of different States. 28 U.S.C. § 1332(a)(1).

10. Plaintiff is a resident citizen of Oklahoma City, Oklahoma.  (Compl. ¶ 1).

11. Wilcac is a foreign corporation with its principal place of business in Carmel, Indiana (Compl. ¶ 2).  *See* 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

### B.   *The amount in controversy exceeds $75,000.*

12. In addition to diversity of citizenship, the amount in controversy between the parties must exceed $75,000.  28 U.S.C. § 1332(a).

13. Here, Plaintiff concedes that "[t]he amount of damages sought in this case exceeds the amount required for diversity jurisdiction under 28 U.S.C. § 1332." (Compl. ¶ 41).

## III.   REMOVAL PROCEDURE AND VENUE

14. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a). Wilcac seeks to remove this case to the Western District of Oklahoma. The District Court of Oklahoma County, Oklahoma is located within this District and embraces the Western District of this Court. *See* 28 U.S.C. § 116(c).

15. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel.

16. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed concurrently with the Clerk of the District Court for Oklahoma County, Oklahoma and served upon all parties of record.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Wilcac's rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12(b), or otherwise.

18. Wilcac reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal. If any question arises as to the propriety of the removal of this action, Wilcac respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable. *See Fairfax Best Living, LLC v. Kimble*, No. CIV-23-00300-PRW, 2023 WL 3818363, at *1 (W.D. Okla. June 5, 2023) (noting that a court's determination of whether diversity jurisdiction exists should be determined by "the facts disclosed on the record as a whole at the time of removal"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## IV.   CONCLUSION

WHEREFORE, Wilcac respectfully requests the above-captioned action now pending in the District Court for Oklahoma County, Oklahoma, be removed to the United States District Court for the Western District of Oklahoma, and that said United States

District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

        Respectfully submitted,

        /s/ *Sterling E. Pratt*
        Sterling E. Pratt, OBA #22276
        FENTON, FENTON, SMITH, RENEAU & MOON
        One Leadership Square, Suite 800N
        211 North Robinson
        Oklahoma City, OK 73102
        Telephone: (405) 235-4671
        Facsimile: (405) 235-5247
        sepratt@fentonlaw.com
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

This will certify that on the 3rd day of January, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following recipients:

Mark A. Engel
Keith F. Givens
MANSELL & ENGEL
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
mengel@meclaw.net
kgivens@meclaw.net
*Attorneys for Plaintiff*

        /s/ *Sterling E. Pratt*
        *Attorney for Defendant*

5