IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| ROBERT DANIEL STUART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-24-10-F |
| -vs- ) | |
| ) | |
| WILCAC LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

## ORDER

The court has an independent duty to determine whether subject-matter jurisdiction exists. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The notice of removal alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332 (diversity jurisdiction). Doc. no. 1, ¶ 8. Section 1332 provides that the court shall have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The notice of removal alleges that "Plaintiff is a resident citizen of Oklahoma City, Oklahoma." Doc. no. 1, ¶ 10. It is not clear from this allegation whether plaintiff is a citizen of Oklahoma. Residence alone is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). An individual is a citizen of the state where he is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Domicile is established by physical presence in a place,

coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  The notice of removal must allege the state where plaintiff is a citizen not the state or city where he is a resident.

In addition, the allegation that defendant is a "foreign corporation" is not sufficient.  Defendant must allege the specific state by which it has been incorporated, along with the specific state where it has its principal place of business.  *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction.") (quotation marks and citations omitted); *see also*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D. N.Y. 1983) (merely averring that a party is a citizen of a state "other than" a named state is clearly insufficient to establish diversity jurisdiction; diversity must be alleged with detail and with certainty).

Accordingly, defendant is **DIRECTED** to file an amended notice of removal within seven days which provides the missing jurisdictional information identified in this order.  Failure to comply may result in the remand of this action to state court.[1]

DATED this 5th day of January, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0010p001.docx

---

[1] Lest it be thought that this requirement exalts formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.